UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

ADOLFO ARAUJO,

                                        Plaintiff,

                                                                                                Case # 24-CV-6126-FPG

v.

                                                                                                DECISION AND ORDER

ALEX KIRKPATRICK, et al.

                                     Defendants.
───────────────────────────────────────

## INTRODUCTION

Plaintiff Adolfo Araujo brings this civil rights and tort action against Defendants Alex Kirkpatrick, the Town of Webster, the Webster Police Department, the Drug Enforcement Administration, the City of Rochester, and the Rochester Police Department. ECF No. 1. Plaintiff alleges violations of his civil rights pursuant to 42 U.S.C. §§ 1981, 1983, and 1985(3) as well as various tort claims. *Id.* Defendant Alex Kirkpatrick moves to substitute the United States in his place as a defendant and additionally moves to dismiss the claims for failure to state a cause of action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 2. Plaintiff did not oppose the motion. For the reasons that follow, Defendant's motion (ECF No. 2) is GRANTED, and the complaint is DISMISSED WITH PREJUDICE as to Alex Kirkpatrick and the United States, where it has been substituted in his place.

## LEGAL STANDARD

"A court faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction." *Bryant v. Roosa*, No. 15-CV-440, 2016 WL 320990, at *2 (W.D.N.Y. Jan. 25, 2016) (quotation omitted). A claim "is properly dismissed

for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In resolving such a motion, "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Natural Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (quotation omitted). The Court may refer to evidence outside of the pleadings in determining a Rule 12(b)(1) motion. *Rojas v. Roman Catholic Diocese of Rochester*, 557 F. Supp. 2d 387, 393 (W.D.N.Y. 2008).

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "must accept as true all of the allegations contained in a complaint," *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quotation omitted), and "draw all reasonable inferences in Plaintiffs' favor." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). Nevertheless, Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." If that statement fails to present "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," the deficient claims may be dismissed pursuant to Rule 12(b)(6). *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 65 (2d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The determination regarding "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Under this plausibility standard, a complaint must allege "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. "[W]ell-pleaded factual allegations" permit a court to "assume their veracity and then determine whether they plausibly

give rise to an entitlement to relief." *Id.* at 679. Although Plaintiff's factual allegations set forth in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* at 678. If a plaintiff "ha[s] not nudged [his/her] claims across the line from conceivable to plausible, [his/her] complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## BACKGROUND

According to the complaint, the incident that gave rise to this action occurred on or about September 29, 2022, at approximately 6:00 a.m. ECF No. 1-2 at 5. At this time, Plaintiff's house was raided by members of the Webster Police Department and/or Rochester Police Department and/or Drug Enforcement Agency. *Id.* Plaintiff claims that the members of these agencies illegally entered his home "using force breaking down his front door, destroying the casing and locks." *Id.* Plaintiff alleges that the officers then illegally searched his home in a manner causing excessive and unnecessary damage. *Id.*

He further alleges that the officers proceeded to apprehend him in a "violent excessively forceful manner, seizing his body, cuffing his hands behind his back, slamming him face down on the floor at gunpoint in the kitchen of his home," even though Plaintiff was "completely law abiding throughout this time." *Id.* Plaintiff claims that this caused him to suffer serious bodily harm including injuries to his shoulders and severe mental trauma. *Id.* As a result of the incident, Plaintiff sought medical treatment and was required to undergo physical therapy and other medical treatments. *Id* at 8. He maintains that he has incurred expenses related to the medical treatments and suffered other damages due to this incident. *Id.* He also maintains that these police agencies had no lawful right to invade his privacy, to break into his home and destroy property, or to cause him personal injury and harm. *Id.* at 5.

On September 29, 2023, Plaintiff brought the instant action in New York State Supreme Court, Monroe County. *Id.* at 2. Kirkpatrick removed the case to this Court on February 23, 2024. ECF No. 1 at 1. Plaintiff alleges thirteen claims against Defendants: (1) false arrest, (2) false imprisonment, (3) malicious prosecution, (4) abuse of process, (5) assault and battery, (6) intentional infliction of emotional distress, (7) unintentional infliction of emotional distress, (8) violation of civil rights pursuant to 42 U.S.C. §§ 1981, 1983, and 1985(3), (9) gross negligence, (10) negligence, (11) negligence in hiring and retaining of incompetent and unfit police officers and investigators, (12) negligence in the training and instruction of its police officers, and (13) negligence in the systemic failures in the performance of its police duties. ECF No. 1-2 at 4–5.

## DISCUSSION

Kirkpatrick moves to have the United States substituted as a defendant in his place. ECF No. 2-1 at 8. He also moves to dismiss the complaint as to himself and the United States. *Id.*

**I.      Substitution of the United States as a Defendant**

Under the Federal Employees Liability Reform and Tort Compensation Act of 1988 ("FTCA"), federal employees are absolutely immune "from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 229 (2007) (citing 28 U.S.C. § 2679(b)(1)). The FTCA defines government employees as "officers or employees of any federal agency… and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation." 28 U.S.C. § 2671. Further, the Intergovernmental Personnel Act of 1970 ("IPA") permits federal agencies to deputize state or local government employees. 5 U.S.C. §§ 3371-76, 3374(c)(2). Under the IPA, once deputized, the state or local employee is "deemed an employee of the [federal] agency for the purpose of . . . the Federal Tort Claims Act and any other Federal

tort liability statute." *See Askar v. Hennepin Cnty.*, 600 F. Supp. 3d 948, 953 (D. Minn. 2022) (citing 5 U.S.C. § 3374(c)(2)). Courts applying these statutes have routinely treated deputized local law enforcement agents acting as part of a federal task force as federal agents. *Askar*, 600 F. Supp. 3d at 953.

"When a federal employee is sued for wrongful or negligent conduct, the … [FTCA] empowers the Attorney General to certify that the employee 'was acting within the scope of his office or employment at the time of the incident out of which the claim arose.'" *Osborn,* 549 U.S. at 229–30 (citing 28 U.S.C. § 2679(d)(1), (2)). "The litigation is thereafter governed by the Federal Tort Claims Act." *Id.* at 230. The Attorney General's scope of employment certification for purposes of substitution is judicially reviewable. *Smith v. Brown*, 296 F. Supp. 3d 648, 655 (S.D.N.Y. 2017). "But courts review such certifications only if a plaintiff alleges with particularity facts relevant to the scope-of-employment issue." *Rosenblatt v. St. John's Episcopal Hosp.*, No. 11–CV–1106, 2012 WL 294518, at *6 (E.D.N.Y. Jan. 31, 2012) (internal quotation omitted). If the certification remains in place—either after judicial review or due to plaintiff's failure to raise the scope-of-employment issue—the United States is substituted as defendant. *See Smith*, 296 F. Supp. 3d at 654 (citing 28 U.S.C. §§ 2679(b)(1), (d)(2)).

Here, Kirkpatrick was an officer with the Webster Police Department who was deputized as part of a Drug Enforcement Administration ("DEA") task force. ECF No. 2-1 at 9. He took his oath of office on July 14, 2020, prior to the events that gave rise to this suit. *See id.* On February 16, 2024, United States Attorney Trini E. Ross, by virtue of the authority vested in her by the Attorney General under 28 C.F.R. § 15.4, I, certified that Kirkpatrick was acting within the scope of his employment with the DEA Task Force at all relevant times for the purposes of this action. ECF No. 2-4 at 1. Plaintiff has neither argued nor alleged that Defendant's actions were taken

outside of the scope of his employment. Therefore, no judicial review of the certification is required. *See Tomscha v. Greenberg*, No. 04 Civ. 2953, 2004 WL 1878749, at *3 (S.D.N.Y. Aug. 20, 2004). Consequently, the certification remains in place and the United States must be substituted for Kirkpatrick for any claims that fall under the FTCA.

As discussed above, the FTCA only applies to common law torts. In his complaint, Plaintiff also alleges causes of action that arise under §§ 1981, 1983, and 1985(3). *See* ECF No. 1. These claims are not tort claims. Accordingly, Defendant's motion to substitute the United States as the proper defendant is granted as to Plaintiff's tort claims. Therefore, the Court orders that the United States be substituted in place of Kirkpatrick as a defendant for Plaintiff's claims for (1) false arrest, (2) false imprisonment, (3) malicious prosecution, (4) abuse of process, (5) assault and battery, (6) intentional infliction of emotional distress, (7) unintentional infliction of emotional distress, (8) gross negligence, (9) negligence, (10) negligence in hiring and retaining of incompetent and unfit police officers and investigators, (11) negligence in the training and instruction of its police officers, and (12) negligence in the systemic failures in the performance of its police duties.[1]

## II. Motion to Dismiss

### a. Dismissal Under Rule 12(b)(1)

Kirkpatrick first moves to dismiss the tort claims against him under Rule 12(b)(1), arguing that the Court lacks subject matter jurisdiction over these claims because under the FTCA, tort claims can only be brought against the United States. ECF No. 2-1 at 14. As the Court grants Kirkpatrick's motion to substitute the United States as a defendant in his place for the tort claims listed above, it also dismisses those tort claims as to Kirkpatrick.

---

[1] It is unclear, and quite frankly unlikely, that all of these claims are being brought against Kirkpatrick. However, Plaintiff does not specify in his complaint which defendants are alleged to have done what. Therefore, the Court is proceeding as if every claim applies to Kirkpatrick.

### b. Dismissal Under Rule 12(b)(6)

Next, Kirkpatrick moves to have the claims under 42 U.S.C. §§ 1981, 1983, and 1985(3) against him dismissed under Rule 12(b)(6). ECF No. 2-1 at 30. Kirkpatrick also moves to have the remaining claims in which the United States has been substituted for him dismissed under Rule 12(b)(6). ECF No. 2-1 at 26. The Court discusses each in turn.

#### i. *Claims Under 42 U.S.C. §§ 1981, 1983, and 1985(3) Against Kirkpatrick*

Kirkpatrick argues that Plaintiff's claims under §§ 1981, 1983, and 1985(3) must be dismissed because these statutes only apply to state actors. *Id.* at 30. Therefore, because Kirkpatrick was a federal agent, these statutes are inapplicable to him. *Id.* The Second Circuit has said that the phrase "under color of state law" as used in §§ 1981 and 1983 only applies to state actors, not federal officials. *Dotson v. Griesa*, 398 F.3d 156, 162 (2d Cir. 2005). Thus, claims under §§ 1981 and 1983 cannot be brought against a federal agent.

Here, as discussed above, Kirkpatrick was deputized as part of a DEA task force and was acting within the scope of his employment with the DEA task force at all relevant times. *See* ECF No. 2-4 at 1. Consequently, he was acting as a federal agent, and Plaintiff's claims against Kirkpatrick under §§ 1981 and 1983 must be dismissed. *See Pou v. United States Drug Enforcement Admin.*, 923 F. Supp. 573, 579 (S.D.N.Y. 1996) (holding that because defendants were acting in their capacity as federal officers as DEA task force agents, they were not acting under color of state law and any § 1983 claim must fail).[2]

---

[2] With regard to Plaintiff's § 1983 claim, Plaintiff may be attempting to bring an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) instead of § 1983. A *Bivens* claim allows a plaintiff to bring an action alleging that a defendant acted under color of federal law to deprive a plaintiff of a constitutional right. However, even if Plaintiff were attempting to bring a *Bivens* claim, for the reasons discussed in Part II(b)(ii), *infra*, he has failed to state a claim upon which relief could be granted because he does not make any allegations specific to Kirkpatrick's conduct.

As for claims under § 1985(3), district courts are split on the issue of whether § 1985(3) is applicable to federal officials. *See Alharbi v. Miller*, 368 F. Supp. 3d 527, 567–68 (E.D.NY. 2019) (collecting cases). However, regardless of whether § 1985(3) applies to federal officers, Plaintiff has failed to state a claim under the section. To allege a claim under § 1985(3), a plaintiff must allege a conspiracy. To allege a conspiracy the "plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003) (internal quotation omitted). Additionally, a plaintiff must allege that the conspiracy was motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Mian v. Donaldson, Lufkin & Jenrette Securities Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993) (per curiam)

Here, there is no mention in the complaint of a meeting of the minds or an agreement between the Defendants to achieve an unlawful end. There is also no mention that the officers' actions were motivated by any sort of impermissible animus. Plaintiff merely mentions a claim under § 1985(3) in his description of the nature of the claim and provides no facts to support the claim. *See* ECF No. 1-2 at 4. Therefore, the § 1985(3) claim cannot survive a motion to dismiss, and Plaintiff's § 1985(3) claim against Kirkpatrick is dismissed.

    ii.   ***Remaining Tort Claims Against the United States***

Kirkpatrick also moves to have the remaining claims in which the United States has been substituted for him dismissed under Rule 12(b)(6) for failure to state a claim. ECF No. 2-1 at 26. These claims are for (1) false arrest, (2) false imprisonment, (3) malicious prosecution, (4) abuse of process, (5) assault and battery, (6) intentional infliction of emotional distress, (7) unintentional infliction of emotional distress, (8) gross negligence, (9) negligence, (10) negligence in hiring and

retaining of incompetent and unfit police officers and investigators, (11) negligence in the training and instruction of its police officers, and (12) negligence in the systemic failures in the performance of its police duties. Kirkpatrick contends that Plaintiff's complaint does not reference Kirkpatrick outside of listing his name in the caption and the prefatory "Please Take Notice" sentence. ECF No. 2-1 at 26. And he maintains that Plaintiff only makes general allegations against the officers involved in the incident as a whole. *See id.* at 27. Therefore, he argues that because Plaintiff does not make any specific allegations as to Kirkpatrick, Plaintiff has failed to state a claim as to Kirkpatrick. *Id.* Further, he argues that because the United States must be substituted for Kirkpatrick in the action, the claims must be dismissed as to the United States. *See id.* at 26. The Court agrees.

A complaint must at least provide a defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Littlejohn v. City of New York*, 795 F.3d 297, 309 (2d Cir. 2015) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)). Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).[3] "Nothing in Rule 8 prohibits collectively referring to multiple defendants where the complaint alerts defendants that identical claims are asserted against each defendant." *Hudak v. Berkley Grp., Inc.*, No. 13–cv–00089, 2014 WL 354676, at *4 (D. Conn. Jan. 23, 2014). However, the standard cannot be satisfied "[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct." *Atuahene v. City of Hartford*, 10 F. App'x. 33, 34 (2d Cir. 2001) (summary order). "[I]n order to state plausible claims where a plaintiff is suing multiple defendants, the complaint must sufficiently explain what each

---

[3] While this action was initially commenced in state court and therefore was subject to different pleading standards, federal pleading standards apply on this motion to dismiss now that the matter has been removed to federal court. *See DeMarle v. Videk, Inc.*, 678 F. Supp. 3d 353, 358 (W.D.N.Y. 2023).

defendant allegedly did." *Doe by and through Doe v. E. Irondequoit Cent. Sch. Dist.*, No. 16-CV-6594, 2018 WL 2100605, at *9 (W.D.N.Y. May 7, 2018). "A laundry list of potentially actionable conduct, without 'specification of any particular activities by any particular defendant,' cannot withstand a motion to dismiss." *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, No. 16-CV-1318, 2017 WL 696126, at *7 (S.D.N.Y. Feb. 15, 2017) (quoting *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007)).

In this case, Plaintiff does not make any allegations specific to Kirkpatrick. He simply alleges that "members of the Webster Police Department and/or Rochester Police Department and/or Drug Enforcement Agency" committed torts against him. ECF No. 1-2 at 5. Throughout the complaint, Plaintiff's refers to "members of these government police agencies" and "officers" when alleging the relevant conduct. *See id.* He never uses Kirkpatrick's name outside of the caption and the prefatory "Please Take Notice" sentence. *See id.* at 4–5.

The Court therefore concludes that Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff has not provided a factual basis to distinguish Kirkpatrick's conduct from that of the other officers and has not supported his claims by explaining how the particular actions that Kirkpatrick took violated tort law. Consequently, Plaintiff has failed to provide Kirkpatrick with fair notice of what his claims are and the grounds upon which they rest. *See Littlejohn*, 795 F.3d at 309. Therefore, the Court grants Kirkpatrick's motion to dismiss the remaining tort claims against the United States, which has been substituted for Kirkpatrick as to these claims.

Generally, when a motion to dismiss is granted and the plaintiff requests leave to amend, the Court may dismiss the complaint without prejudice and grant such leave. *See Grullon v. City of New Haven,* 720 F.3d 133, 139 (2d Cir. 2013). However, in this case, Plaintiff, who is counseled, has neither opposed the motion to dismiss nor requested leave to amend. Thus, the Court dismisses

the complaint as to Alex Kirkpatrick and the United States, where it has been substituted in his place, with prejudice. *See Williams v. Citigroup Inc.*, 659 F.3d 208, 212 (2d Cir. 2011) (holding that a district court dismissing a complaint and closing the case without granting leave to replead *sua sponte* was not an abuse of discretion).

## CONCLUSION

For the foregoing reasons, Kirkpatrick's motion to substitute the United States in his place as a defendant and motion to dismiss (ECF No. 2) is GRANTED. Plaintiff's tort claims against Kirkpatrick, where the United States has been substituted in his place, are DISMISSED WITH PREJUDICE. Plaintiff's claims under 42 U.S.C. §§ 1981, 1983, and 1985(3) against Kirkpatrick are also DISMISSED WITH PREJUDICE. The Clerk of Court is directed to terminate Alex Kirkpatrick as a Defendant.

By February 4, 2025, counsel for the remaining parties shall meet and confer before sending the Court a joint status report summarizing the proceedings to date and proposing a plan to ensure the timely litigation of this matter.

IT IS SO ORDERED.

Dated: January 28, 2025

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York